## UNITED EMPLOYERS CASUALTY CO. v. DANIELS.

### No. 3628.

Court of Civil Appeals of Texas. Beaumont.

Nov. 29, 1939.

Benbow & Saunders, of Dallas, for plaintiff in error.

Collins, Pate, Hatchell & Garrison, of Lufkin, for defendant in error.

WALKER, Chief Justice.

This case is now before us on motion by defendant in error, Obie Lee Daniels, to require plaintiff in error, United Employers Casualty Company, to give an additional supersedeas bond, on allegations of insolvency of the sureties on the bond now on file. The motion was filed under authority of Art. 2272, R.S.1925, which reads: "*Additional bond.*—In all cases carried by appeal or writ of error from the district or county court to the Court of Civil Appeals or to the Supreme Court, in which a supersedeas bond shall be given, and whenever the said bond shall become insufficient by reason of the insolvency of the sureties on such bond, or from any other cause, the court in which the said appeal or writ of error is pending, shall, upon proper showing of such insufficiency being made, require the giving of additional supersedeas bond in like amount as the original, to be approved by the clerk of the court in which said appeal or writ of error is pending."

The supersedeas bond in issue is for the sum of $8,000, with B. F. Farrar and W. F. Weatherford as sureties. Answering the motion, plaintiff in error makes the following statement as to the solvency of its sureties: "That the bond filed herein by the plaintiff in error is signed by two good and sufficient sureties, to-wit, B. F. Farrar and W. F. Weatherford, and said bond has been approved by the Clerk of the District Court from which the writ of error in this case is being prosecuted and attached to said supersedeas bond filed by the plaintiff in error herein is an affidavit of B. F. Farrar, one of the sureties on said bond, that he owns property in Dallas County, Texas, free and clear from any encumbrances, of the total value of $38,-050.00 and that he owns an equity of $11,280.00 in property encumbered with monthly amortization loans, which property is paying for itself out of the rent, and also attached to said bond is an affidavit of W. E. Weatherford, one of the sureties thereon, that he owns 329 acres of land in Ellis County, Texas, which is not his homestead as he is a single man, of the reasonable market value of $20,000.00, all of which facts are stated under oath and which are not denied under oath by the defendant in error."

The Farrar farm is rendered for taxes on the valuation of $3,765. There are now pending in this court five cases where-in judgments were rendered against plaintiff in error and in which it has filed supersedeas bonds to the amount of $30,750, with Farrar and Weatherford as its sureties. In a sixth case on our docket the transcript is not before us. We recently affirmed a seventh case in which writ of error has been granted by the Supreme Court. Defendant in error has filed with us in support of his motion certificates from clerks of certain courts of Texas to the effect that plaintiff in error now has pending appeals, superseded by bonds in the sum of $188,700, with Farrar and Weatherford as its sole sureties. It is perfectly obvious that Farrar and Weatherford by signing these supersedeas bonds have assumed obligations that they could not discharge in the event the bonds became fixed liabilities against them; so obvious that the issue was raised against plaintiff in error of an attempt to perfect its appeal in a manner to force the defendants in error to look only to its assets for payment of their judgments. To constitute a good and sufficient supersedeas bond the sureties themselves, if called upon, must be able to discharge the judgment; that Farrar and Weatherford could not do on the judgments superseded by their surety obligations.

We note the following statements by plaintiff in error in its reply to the motion: (a) "It is well recognized that an insurance company or a bonding company is in good standing although it does not have enough capital stock and surplus to take care of the face amount of all outstanding insurance or bonds, as the liability thereon is merely contingent."

The statement is conceded. The purpose of the supersedeas bond is to protect the defendant in error in the judgment against the insolvency of the corporation, resulting from the affirmance of the judgments against it. (b) "In this connection the plaintiff in error alleges that it is informed and believes that the attorneys for the claimants over the state have entered into a conspiracy to require new bonds in all of the cases on which the said two sureties have signed."

We would not so designate the concerted action by the attorneys with clients holding judgments against plaintiff in error; rather in our judgment the conduct of the attorneys should be construed as an honest effort on their part to discharge their professional duties to their clients. These judgments are not for property converted,

or damages suffered to property rights, but they are compensation for bodily injuries received, resulting in incapacity to labor. Possibly no trust more sacred was ever committed to the watchful care of the Bar of this state—the attorneys representing these claimants; and when it is made to appear that judgments in favor of these claimants have been superseded by straw bonds, the attorneys owe the duty to confer together in an effort to find a legal remedy against the form of lawful appeal resorted to by plaintiff in error to supersede the execution of the judgments against it. We designate the bonds filed by the plaintiff in error as "straw bonds," for the reason that by a stroke of the pen before their property could be seized by execution, these bondsmen could make themselves execution proof.

■ The motion to require an additional supersedeas bond is granted. Plaintiff in error, under the provisions of Art. 2273, R.C.S., will be allowed twenty days from the date of the service of this order in which to file an additional supersedeas bond to be approved by the clerk of this court. It is the further order of the court that the bond now on file is sufficient as a cost bond.