or damages suffered to property rights, but they are compensation for bodily injuries received, resulting in incapacity to labor. Possibly no trust more sacred was ever committed to the watchful care of the Bar of this state—the attorneys representing these claimants; and when it is made to appear that judgments in favor of these claimants have been superseded by straw bonds, the attorneys owe the duty to confer together in an effort to find a legal remedy against the form of lawful appeal resorted to by plaintiff in error to supersede the execution of the judgments against it. We designate the bonds filed by the plaintiff in error as "straw bonds," for the reason that by a stroke of the pen before their property could be seized by execution, these bondsmen could make themselves execution proof.

 The motion to require an additional supersedeas bond is granted. Plaintiff in error, under the provisions of Art. 2273, R.C.S., will be allowed twenty days from the date of the service of this order in which to file an additional supersedeas bond to be approved by the clerk of this court. It is the further order of the court that the bond now on file is sufficient as a cost bond.

United Employers Casualty Company, plaintiff in error v. Obie Lee Daniels, defendant in error, Tex.Civ.App., 133 S.W.2d 599, in which by written opinion the motion was granted. For the reasons stated in the opinion in that case, the motion to require an additional supersedeas bond is granted. Plaintiff in error, under the provisions of Art. 2273, R.C.S., will be allowed twenty days from the date of the service of this order in which to file an additional supersedeas bond to be approved by the clerk of this court. It is the further order of the court that the bond now on file is sufficient as a cost bond.

# BRADFORD v. MANNEY.

No. 13975.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 20, 1939.

Rehearing Denied Dec. 1, 1939.

# UNITED EMPLOYERS CASUALTY COMPANY, Plaintiff in Error, v. Robert L. KNIGHT, Defendant in Error.

No. 3617.

Court of Civil Appeals of Texas. Beaumont.

Dec. 4, 1939.

Benbow & Saunders, of Dallas, for plaintiff in error.

Collins, Pate, Hatchell & Garrison, of Lufkin, for defendant in error.

WALKER, Chief Justice.

This case is now before us on motion by defendant in error to require plaintiff in error to file an additional supersedeas bond. The motion is a companion motion with that filed by the defendant in error in